IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FANNIE MARIE WINBUSH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-3490-D-BN |
| | § | |
| ANOINTED DOVE MINISTRIES AND | § | |
| RONA LEWIS WOODS | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B).

**Background**

Plaintiff Fannie Marie Winbush ("Winbush"), self-identified as a resident of Slidell, Louisiana, filed a civil complaint [Dkt. No. 3] in this district against Defendants Anointed Dove Ministries and Rona Lewis Woods, both allegedly associated with an address in Picayune, Mississippi. Winbush has been granted leave to proceed *in forma pauperis*, *see* Dkt. Nos. 8 & 11, and she has filed verified responses to the Court's questionnaire, *see* Dkt. Nos. 5 & 10. Through her verified questionnaire

responses, Winbush names a third defendant, Belinda Pressley, allegedly associated with an address in Slidell.

Winbush's claims against the individual defendants appear to involve state law grounds, *see* Dkt. No. 10 at 1 ("I was tortured and financially destroyed by the individuals being sued."), but she also invokes the First and Eighth Amendments, *see, e.g., id.* at 4-5 (stating that the defendants violated the First Amendment by "attempting to prevent [Winbush] of admission into a religion by paying for destruction of my religious process" and that the defendants violated the Eighth Amendment "because of loss of finances and technological abuse").

The undersigned now concludes that this case should be dismissed with prejudice under Section 1915(e)(2)(B).

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law

if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while the Court must accept all of a plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic

recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Although a court generally cannot look beyond the pleadings in determining whether claims should be dismissed on initial screening, the pleadings here include Winbush's verified responses to the Court's questionnaire [Dkt. No. 10], which "become part of [her] pleadings." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

A district court generally must afford a *pro se* complainant an opportunity to amend before dismissing for failure to state a claim. *See Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). One of "[t]he primary ways of affording opportunities to bring into focus the factual and legal bases of a [*pro se* plainitiff's] claims" – and the one predominately utilized by the undersigned – is "requesting a more definite statement from the [plaintiff] through a questionnaire." *Id.* (citing *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)). Where the Court determines that a *pro se* plaintiff has been given an opportunity to state her best case by, for example, providing responses to a Court-issued questionnaire, the Court may dismiss her complaint – or claims and/or defendants therein – with prejudice. *See, e.g.*, *Mitchell v. Miller-Roach*, No. 3:10-cv-

-4-

1762-K-BK, 2011 WL 2273509, at *4 (N.D. Tex. May 17, 2011), *rec. adopted*, 2011 WL 2292247 (N.D. Tex. June 8, 2011) (citing *Brewster*, 587 F.3d at 767-68; *Cobb v. Simmons*, 373 F. App'x 469, 470 (5th Cir. 2010) (per curiam); *Teel v. Collins*, 59 F.3d 1242, 1995 WL 413135, at *1 (5th Cir. June 21, 1995) (per curiam)); *see also Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) ("Dismissal with prejudice [is] appropriate if the plaintiff has been given an opportunity to expound on the factual allegations by way of a *Watson[ v. Ault*, 525 F.2d 886 (5th Cir. 1976)] questionnaire."), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

**Analysis**

As alluded to above, although this action's connection to this district appears tenuous, *see also* Dkt. No. 3 at 2 ("I am filing this complaint as I head home"), as the federal claims Winbush alleges are frivolous, the Court need not consider a transfer of this action to a district where, for example, the defendants (or Winbush) reside, *see* 28 U.S.C. § 1391(e)(1), because, under 28 U.S.C. § 1406(a), "it is [not] 'in the interest of justice' to transfer [this] action," *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (citing *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967)); *see also LSF4 Loan Invs. I, LLC v. Weingart*, No. 3:06-cv-0419-M, 2006 WL 2370803, at *3 (N.D. Tex. Aug. 15, 2006) ("The district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under § 1406(a)." (citation omitted)).

Winbush solely sues private individuals, and she provides the Court no facts to connect the alleged conduct of these individuals to the State. It is well-established, for

example, that "private individuals cannot be held to violate the guarantees of the First Amendment without a showing of 'State Action.'" *Todd v. Am. Multi-Cinema, Inc.*, 222 F.R.D. 118, 122 (S.D. Tex. 2003). Absent factual allegations to support a claim that the conduct of any defendant – alleged to have violated Winbush's rights under the Constitution – may be attributable to the State, Winbush fails to state plausible claims under 42 U.S.C. § 1983.

> [T]o state a viable claim for relief in a § 1983 action, Plaintiff must allege that he has been deprived of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *West v. Atkins*, 487 U.S. 42, 48 (1988). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private action may be deemed state action, for purposes of § 1983, only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)..

*Hester v. Dallas Cnty. Jail*, No. 3:11-cv-3099-B-BH, 2012 WL 1430539, at *3 (N.D. Tex. Mar. 6, 2012), *rec. adopted*, 2012 WL 1437747 (N.D. Tex. Apr. 25, 2012) (citation omitted; some internal citations modified).

Because Winbush has not stated plausible claims under Section 1983, the Court should decline to exercise jurisdiction over any state law claims Winbush alleges that could fall under the Court's supplemental jurisdiction. *See Perez v. Ormiston*, 364 F. App'x 93, 94 (5th Cir. 2010) (per curiam) ("28 U.S.C. § 1367(c)(3) permits a federal court to decline to exercise supplemental jurisdiction over state law claims when the court has dismissed the claims over which it had original jurisdiction"); *cf. Ingram v. Interstate Sanction Facility*, No. 6:07cv406, 2009 WL 153145, at *2 (E.D. Tex. Jan. 20,

2009) ("Here, the Court acquired original jurisdiction over TDCJ based on the Plaintiff's claims of a violation of federal law under 42 U.S.C. § 1983 and the Eighth Amendment to the U.S. Constitution. However, these federal claims against TDCJ lack merit because they are barred by the doctrine of sovereign immunity set out in the Eleventh Amendment. Thus, the claims over which this Court possessed original jurisdiction are without merit. This Court therefore declines supplemental jurisdiction over the plaintiff's state law claims, deferring instead to the laws and judicial processes of the State of Texas." (citations omitted)).

## Recommendation

The Court should summarily dismiss the complaint with prejudice for the reasons discussed above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 10, 2015

                                        _____
                                        DAVID L. HORAN
                                        UNITED STATES MAGISTRATE JUDGE